UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERIC HERNANDEZ et al.,            )
                                  )
            Plaintiffs,            )    Case No. 1:05-cv-399
                                  )
v.                                )    Honorable David W. McKeague*
                                  )
PATRICIA CARUSO et al.,           )
                                  )
            Defendants.           )
_____)

**OPINION RE LEAVE TO PROCEED *IN FORMA PAUPERIS***

This is a civil rights action filed by fourteen prisoners pursuant to 42 U.S.C. § 1983. The current fee for a civil action is $250.00. Because there are fourteen Plaintiffs, each Plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each Plaintiff is liable for $17.86. Four of the Plaintiffs are deficient, having neither paid their proportionate share of the filing fee nor filed the documents required to proceed *in forma pauperis*, and the Court will order them to cure their deficiencies. Ten of the Plaintiffs have sought leave to proceed *in forma pauperis* in compliance with 28 U.S.C. 1915(a). The Court hereby grants nine of those motions and denies the tenth motion. Where the Court grants pauper status to a prisoner, it nevertheless must require payment of the entire filing fee in installments, in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Any subsequent dismissal of a Plaintiff's case, even if voluntarily, does not negate that Plaintiff's responsibility to pay the fee. *McGore*, 114 F.3d at 607.

Normally, a plaintiff must a pay a portion of the civil action filing fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). The Court will discuss each Plaintiff in turn.

### A.     Eric Hernandez  (#319701)

According to the certified copy of Plaintiff Hernandez's prison trust account statement, Plaintiff had an average monthly deposit of $50.98 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $10.20. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Hernandez to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $10.20 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff Hernandez has paid the initial partial filing fee, he must pay the remainder of the $17.86 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $17.86 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

### B.    Carlos Morton  (#256537)

According to the certified copy of Plaintiff Morton's prison trust account statement, Plaintiff had an average monthly deposit of $14.60 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $2.92. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Morton to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $2.92 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the

>    initial partial filing fee is paid in full, the ten-dollar and twenty-
>    percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff Morton has paid the initial partial filing fee, he must pay the remainder of the $17.86 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $17.86 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

### C.   **James Davis  (#175127)**

According to the certified copy of Plaintiff Davis' prison trust account statement, Plaintiff had an average monthly deposit of $102.53 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $20.51, an amount greater than the total portion of the filing fee owed by Plaintiff Davis. Plaintiff Davis therefore is liable for payment of his entire portion of the filing fee ($17.86) as the initial partial filing fee. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Davis to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $17.86 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.* The agency having custody of Plaintiff Davis shall collect the initial partial filing fee of $17.86 as soon as funds become available and shall remit that amount to the Clerk of this Court.

### D.     Joseph Nichols (#193591)

According to the certified copy of Plaintiff Nichols' prison trust account statement, Plaintiff had an average monthly deposit of $62.48 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $12.50. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Nichols to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $12.50 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the

> initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff Nichols has paid the initial partial filing fee, he must pay the remainder of the $17.86 filing fee through monthly payments of 20 percent of the preceding month's income credited to plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing fee of $17.86 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

### E.     Richard Shaw (#437250)

According to the certified copy of Plaintiff Shaw's prison trust account statement, Plaintiff had an average monthly deposit of $22.89 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $4.58. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Shaw to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $4.58 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff Shaw has paid the initial partial filing fee, he must pay the remainder of the $17.86 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $17.86 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

### F.     Kris Brommenschenkel (#265821)

According to the certified copy of Plaintiff Brommenschenkel's prison trust account statement, Plaintiff had an average monthly deposit of $39.85 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $7.97. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Brommenschenkel to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $7.97 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff Brommenschenkel has paid the initial partial filing fee, he must pay the remainder of the $17.86 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $17.86 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

### G.    Nolan Hall (#204275)

According to the certified copy of Plaintiff Hall's prison trust account statement, Plaintiff had an average monthly deposit of $93.16 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $18.63, an amount greater than the total portion of the filing fee owed by Plaintiff Hall. He therefore is liable for payment of his entire portion of the filing fee

($17.86) as the initial partial filing fee. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Hall to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $17.86 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.* The agency having custody of Plaintiff Hall shall collect the initial partial filing fee $17.86 of as soon as funds become available and shall remit that amount to the Clerk of this Court.

### H.     Robert Doyle (#201477)

According to the certified copy of Plaintiff Doyle's prison trust account statement, Plaintiff had an average monthly deposit of $58.08 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $11.62. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Doyle to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $11.62 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff Doyle has paid the initial partial filing fee, he must pay the remainder of the $17.86 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $17.86 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

### I.     David Lytal (#155219)

According to the certified copy of Plaintiff Lytal's prison trust account statement, Plaintiff had an average monthly deposit of $85.99 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $17.20. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C.

§ 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff Lytal to avoid the payment of an initial partial filing fee at this time, the Court still is required to impose an initial partial filing fee of $17.20 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff Lytal has paid the initial partial filing fee, he must pay the remainder of the $17.86 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $17.86 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

### J. Bryan Wood (#506174)

Plaintiff Wood has filed a trust account statement, which shows that over the past six months he has had an average monthly deposit of $70.07. At the time of filing his petition, Plaintiff

had a spendable balance of $51.37. As previously discussed, Plaintiff's portion of the filing fee is $17.86.

The Court should only grant leave to proceed *in forma pauperis* when it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). It is not unreasonable to require a prisoner to devote a portion of his discretionary funds to defray the costs of his litigation. *See Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 267 (7th Cir. 1987). Plaintiff Wood's financial documents indicate that he has sufficient resources to pay the $17.86 filing fee. Therefore, Plaintiff is not entitled to proceed *in forma pauperis* in this action. Plaintiff has thirty days from the date of entry of this order to pay the $17.86 filing fee. If Plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice.

### K. Plaintiffs Rockwell (#205395), Berryman (#107202), Gonzalez (#165656) & Milstead ((#300739)

Plaintiffs Hal Rockwell, Philip Berryman, Jesus Gonzalez and Charles Milstead have failed to pay either their portion of the civil action filing fee or to apply in the manner required by law to proceed *in forma pauperis*. Under the provisions of the Prison Litigation Reform Act of 1995, if a prisoner wishes to proceed *in forma pauperis*, the prisoner must file a certified copy of a prisoner trust account statement and an affidavit of indigence. 28 U.S.C. § 1915 (a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Plaintiffs have failed to file any of the required documents in order to proceed *in forma pauperis*. Plaintiffs are hereby notified of the foregoing deficiencies.

Plaintiffs Rockwell, Berryman, Gonzalez and Milstead are informed that within 30 days from the date of this notice, they each must submit $17.86 as their portion of the filing fee or,

alternatively, file the requisite documents to proceed *in forma pauperis. See McGore*, 114 F.3d at 605. The affidavit must include a statement of all assets Plaintiff possesses, a statement that Plaintiff is unable to pay the fee or give security therefor, and a statement of the nature of the action. 28 U.S.C. §§ 1915(a)(1) and (2). Plaintiff must file either Form 4 from the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit containing the identical information requested in Form 4. *McGore*, 114 F.3d at 605. The trust account statement must be a certified copy and must be for the 6 months immediately preceding the filing of Plaintiff's complaint. 28 U.S.C. § 1915(a)(2); *McGore*, 114 F.3d at 605.

Plaintiffs Rockwell, Berryman, Gonzalez and Milstead also are notified that if any Plaintiff fails to pay his portion of the filing fee or to file the required documents as described above, the district court must presume that he is not proceeding *in forma pauperis. McGore*, 114 F.3d at 605. In that case, the district court must assess his entire portion of the filing fee and must order his claim or claims dismissed for want of prosecution. *Id.* If a Plaintiff's action is dismissed under these circumstances, it will not be reinstated even if that Plaintiff subsequently pays the filing fee. *Id.*

Dated: July 5, 2005          /s/   David W. McKeague
                             David W. McKeague
                             United States Circuit Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

*Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.