UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ERIC HERNANDEZ et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:05-cv-399 |
| | ) | |
| v. | ) | Honorable R. Allan Edgar |
| | ) | |
| PATRICIA CARUSO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION**

This is a civil rights action brought by fourteen state prisoner pursuant to 42 U.S.C. § 1983.[1] Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because the remaining eight Plaintiffs, Morton, Rockwell, Davis, Berryman, Brommenschenkel, Hall, Doyle and Gonzales have failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss the complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiffs presently are incarcerated at the Carson City, Riverside and St. Louis Correctional Facilities. They sue the following employees of the Carson City Correctional Facility: Warden Kurt Jones, Deputy Warden Tony Trierweiler, Assistant Deputy Wardens Mary Robledo and

---

[1] In a separate order, the Court dismissed without prejudice Plaintiffs Bryan Wood, Charles Milstead, Joseph Nichols, Richard Shaw, David Lytal and Eric Hernandez.

T. Fuqua, Nurse Rosalie Lee, Nursing Supervisor E. McKenna, Physician Assistant (unknown) Filsinger, and Dr. Gamat Isaacs. Plaintiffs also sue Michigan Department of Correction Director, Patricia Caruso and Deputy Director Dennis Straub, as well as past Director Kenneth McGinnis and past Deputy Director D. Bolden. Plaintiffs bring a variety of claims, which will be summarized below.

A. **Exposure to Environmental Tobacco Smoke (ETS)**

Plaintiff Berryman first claims that Defendants Caruso, Straub, Jones, Robledo, Fuqua, Trierweiler and the Defendant medical staff members violated his Eighth Amendment right by allowing him to be exposed to ETS. Berryman alleges that he suffers from asthma and reacts negatively when exposed to ETS. In 1986, medical staff issued an "Individualized Management (Medical) Plan" (IMP) that included Plaintiff's placement in a smoke-free housing unit. Plaintiff alleges that over the past twenty years he has repeatedly been placed in housing units that were not smoke-free. Since the issuance of Governor's Executive Order No. 1992-3, smoking has been prohibited inside all MDOC occupied buildings, including prisoner housing units. MICH. DEP'T. OF CORR., Policy Directive 01.03.140, ¶ B. Plaintiff Berryman contends that Defendants continue to sell tobacco products at prisons and have failed to enforce the no smoking policy. He further alleges that Defendants' failure to comply with his IMP is "based upon their dislike of the plaintiff since he is [sic] a litigant and one who has filed grievances exposing corruption within the MDOC." As a result of his exposure to ETS, Plaintiff alleges that he has gone from using one inhaler to three inhalers to control his asthma.

The remaining Plaintiffs generally assert that they also suffer from exposure to ETS. Plaintiffs seek placement in a smoke-free housing unit, as well as compensatory damages of $50,000 and punitive damages of $75,000 from each of the Defendants.

### B. **Involuntary DNA Testing**

Plaintiff Berryman next alleges that Defendants Jones, Trierwiler, Caruso and Straub violated his Fourth, Fifth and Eighth Amendment rights by subjecting him to an unwanted DNA test. Plaintiff claims that on April 8, 2003, he was threatened with mace and physical force if he refused to give a DNA sample. The complaint further alleges that all of the remaining Plaintiffs have been threatened with punishment if they refuse to give a DNA sample and live in constant fear that their DNA will be used against them in an improper manner. For relief, Plaintiffs ask that their "files be expunged from all references to the DNA." In addition, they seek compensatory damages of $25,000 and punitive damages of $50,000 from each of the Defendants.

### C. **Withholding of Interest on Prisoner Trust Accounts**

For their third claim, Plaintiffs assert that Defendants Caruso, McGinnis, Straub and Bolden withheld, or are presently withholding, interest earned on their prisoner trust accounts in violation on the Fifth Amendment Taking Clause and the Fourteenth Amendment Due Process Clause. Plaintiffs seek injunctive relief, as well as compensatory and punitive damages.

### D. **Denial of Kosher Diet**

Plaintiffs Hernandez and Rockwell claim that Defendants Burnett, Adamson and Robledo denied them a Kosher diet in violation of their First Amendment rights. They seek injunctive relief, as well as compensatory damages of $25,000 and punitive damages of $50,000 from each of the Defendants.

### E.  **Improper Preparation of Kosher Food**

Plaintiffs Nichols, Lytal and Berryman allege that Kosher food is not being prepared in the manner required by the Jewish faith.  Specifically, Plaintiffs assert that Defendants Williams, Dutcher and Burnett have intentionally assigned "PORK eaters and Child molesters and Homosexuals and non Jewish" to cook in the Kosher kitchen, thus rendering "the so-called Kosher meals non-Kosher." They maintain that Defendants are motivated by retaliation and hatred of Jewish prisoners.   They seek compensatory damages of $25,000 and punitive damages of $50,000 from each of the Defendants.[2]

### II.  Lack of exhaustion of available administrative remedies

Plaintiffs Morton, Rockwell, Davis, Berryman, Brommenschenkel, Hall, Doyle and Gonzales have failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his

---

[2] Defendants Pat Williams, G. Dutcher and (unknown) Burnett were not listed as Defendants in the "Parties" section of the complaint.

complaint, if the decision is available.[3] *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

        The MDOC provides a three-step prison grievance process.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130 (Grievance Policy).  Prisoners may generally grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant." *Id.* at ¶ E. The policy sets forth some matters that are "non-grievable." *Id.* at ¶ E-F. For example, prisoners may not grieve the content of a policy or procedure, nor may they grieve decisions make in misconduct proceedings or decisions made by the parole board. *Id.*  Plaintiffs assert that they had no available administrative remedy because issues affecting the entire prison population are non-grievable under the Grievance Policy.  Before April 28, 2003, the Grievance Policy stated that "issues which affect the entire prison population or significant numbers of prisoners" were non-grievable. See MICH. DEP'T. OF CORR., Policy Directive 03.02.130 (effective

---

[3]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

Nov. 1, 2000). However, under revisions to the Grievance Policy that took effective on April 28, 2003, that provision was removed from the policy. Consequently, a prisoner is permitted to file a grievance on a matter that affects the entire prison population, so long as he alleges how he is directly affected by the matter.

Plaintiffs, therefore, have had more than two years since the Grievance Policy was revised to avail themselves of the grievance process. Plaintiffs have failed to exhaust their available administrative remedies by individually filing grievances concerning the constitutional violations asserted in their complaint. The only grievances provided by Plaintiffs were Plaintiff Hernandez and Rockwell's Step III grievances concerning the denial of their requests for a Kosher diet. Plaintiff Hernandez was previously dismissed from this action. Even if Plaintiff Rockwell exhausted his administrative remedies with regard to his Kosher diet claim, he must be dismissed under the "total exhaustion rule" because his remaining claims are unexhausted. *See Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005) (a civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss Plaintiffs' action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss the remaining eight Plaintiffs, Morton, Rockwell, Davis, Berryman, Brommenschenkel, Hall, Doyle and Gonzales, without prejudice because they have failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If any Plaintiff is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:     8/26/05                           */s/ R. Allan Edgar*
                                             R. Allan Edgar
                                             United Stated District Judge